UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUTH KATHERINE SPOONER,

                Plaintiff,

-against-

ROSE M. SINGER CENTER; DEPARTMENT OF CORRECTIONS,

                Defendants.

24-CV-8621 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is detained at the Rose M. Singer Center ("RMSC") on Rikers Island, brings this action, *pro se*, alleging that Defendants violated her rights. The Court construes the complaint as attempting to assert federal constitutional claims under 42 U.S.C. § 1983. Named as Defendants are RMSC and the New York City Department of Correction ("DOC"). By order dated January 14, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Plaintiff filed the complaint without an IFP application and prisoner authorization. By order dated November 19, 2024, the Court directed Plaintiff to cure this deficiency. The court received Plaintiff's IFP application and prisoner authorization on December 10, 2024.

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff states that the events giving rise to her claims occurred at RMSC in September 2024. Plaintiff alleges that the mattresses provided at RMSC are "very thin," "not in good shape," and "always hurting" her. (ECF 1, at 4.) As a result, she has back pain and "breathing problems," and is unable to "sleep properly." (*Id.*) Plaintiff can sometimes "feel the metal thr[ough] the mattress." (*Id.*)

Plaintiff seeks $5,000 in damages.

## DISCUSSION

The Court construes Plaintiff's allegations as attempting to assert claims under 42 U.S.C. § 1983 that Defendants violated her rights under the Due Process Clause of the Fourteenth Amendment. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.    Rose M. Singer Center

The Court must dismiss Plaintiff's claims against RMSC, which is a building located on Rikers Island, because it is not a "person" that may be sued under Section 1983. The Court

therefore dismisses Plaintiff's claims against RMSC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Department of Correction and City of New York**

Plaintiff's claims against DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted). If there is no underlying constitutional violation,

however, the Court need not examine whether the municipality or other local government entity is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

**C.   Conditions of confinement claim**

The Court construes the complaint as asserting a conditions of confinement claim because Plaintiff alleges that her mattress, issued by DOC, caused her to experience pain. Because Plaintiff was in pretrial detention at the time the events underlying this claim occurred, the Court treats this claim as arising under the Fourteenth Amendment's Due Process Clause. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (noting that where an individual is in pretrial detention, the Fourteenth Amendment applies).

To state a conditions of confinement claim, a prisoner must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to her health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *See id.* at 29-33. A plaintiff satisfies the objective element of a conditions of confinement claim by "'show[ing] that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [her] health'" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

To satisfy the subjective element, a plaintiff must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of an official is not a basis for a claim of a federal

4

constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

To state a conditions of confinement claim regarding the issuance of a mattress, a plaintiff must allege facts suggesting that "'the plaintiff had a medical condition requiring a non-standard bed to protect against serious damage to h[er] future health' or 'that the medical condition was itself created by an inadequate bed or mattress.'" *Patterson v. Ponte*, No. 16-CV-3156 (PAE) (JCF), 2017 WL 1194489, at *6 (S.D.N.Y. Mar. 30, 2017) (quoting *Youmans v. Schriro*, No. 12-CV-3690 (PAE) (JCF), 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013), *report and recommendation adopted*, 2017 WL 1405753 (S.D.N.Y. Apr. 17, 2017)). "Simply alleging that a mattress is uncomfortable is insufficient to 'show that the conditions . . . pose an unreasonable risk of serious damage to [the plaintiff's] health.'" *White v. Schriro*, No. 16-CV-6769 (PAE) (JCF), 2017 WL 3268202, at *3 (S.D.N.Y. July 31, 2017) (quoting *Walker*, 717 F.3d at 125).

Here, Plaintiff does not state facts satisfying either element of a conditions of confinement claim. First, Plaintiff states that she suffers from back pain and sometimes has "breathing problems." (ECF 1, at 4.) While difficulty breathing could constitute a serious medical condition, Plaintiff does not allege any additional facts about the nature or extent of the breathing problems. Furthermore, while she states that she "would like to go to a chiropractor" (*id.* at 5), she does not allege that she has actually sought medical care to treat her condition. Second, even if Plaintiff had sufficiently alleged an excessive risk to her health or safety, she does not allege facts suggesting that correctional staff knew, or should have known, of that risk and disregarded that risk. She does not state any facts suggesting that she informed any staff of her condition, or that any staff should have been aware of her condition, but ignored the risk

5

posed by continuing to allow her to use the DOC-issued mattress. The complaint instead suggests that Plaintiff suffered from back pain but did not receive medical care for her condition. For these reasons, the Court finds that Plaintiff fails to state a conditions of confinement claim. Because Plaintiff has not alleged a plausible underlying constitutional violation, the Court need not examine whether the City of New York may be held liable under Section 1983. *See Segal*, 459 F.3d at 219. The Court therefore dismisses Plaintiff's Section 1983 conditions-of-confinement claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to address the deficiencies outlined above, the Court grants her 30 days' leave to amend her complaint to detail her claims. If Plaintiff seeks to assert Section 1983 claims against the City of New York, she must allege facts suggesting that it has a policy, practice, or custom that caused a violation of her constitutional rights. If she seeks to assert Section 1983 claims against an individual correction officer or jail official, she must name that individual as a defendant and allege facts showing how he or she was personally involved in the events giving rise to her claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: March 6, 2025
       New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge